UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIM HODGKINS and
JULIE MARIA HODGKINS,                                      Plaintiffs,

v.                                              Civil Action No. 3:18-cv-560-DJH

UNITED STATES ARMY CORPS OF
ENGINEERS and TIMOTHY C. FUDGE, in
His Official Capacity as Chief, Operations
Division, U.S. Army Corps of Engineers,
Louisville District,                                       Defendants.

\* \* \* \* \*

# MEMORANDUM OPINION AND ORDER

The United States Army Corps of Engineers notified Walter and Dorothy Hodgkins that their permit to mow vegetation on federally owned land was rendered void when they transferred their property to Plaintiff Julie Maria Hodgkins. Tim and Julie Maria dispute the USACE's determination. After a series of formal and informal appeals to the USACE, Tim and Julie Maria filed this action seeking a declaratory judgment either renewing the preexisting permit or issuing a new one. (Docket No. 1). The United States has moved to dismiss this claim under Rule 12(b)(6), arguing that Tim and Julie Maria have failed to state a plausible claim for relief. (D.N. 8) The Court agrees and will therefore grant the government's motion to dismiss.

## I.

Walter and Dorothy Hodgkins held a permit to mow vegetation growing along the shore of Rough River Lake that abutted their property, lots 21 and 22 of Brown's Hide-A-Way. (D.N. 8-7) That shore is owned by the United States and managed by the USACE under the auspices of the Shoreline Management Plan (SMP). 16 U.S.C. § 460d. The USACE issued Walter and Dorothy's permit before the 1994 edition of the SMP changed the regulations surrounding mowing

1

permits, but it was "grandfathered" in under the previous guidelines. (D.N. 8-2, PageID # 91) The USACE conditioned the grandfathering on the following: "Permits that were in effect as of 31 May 1994 . . . . will be grandfathered as to size and configuration for the lifetime of the permit holder or his/her spouse. . . . Upon the sale or transfer of the adjacent property, the permit shall be null and void." (*Id.*)

Walter and Dorothy deeded lot 22 to their granddaughter, Julie Maria Hodgkins, on December 10, 2010. (D.N. 8-8) Tim Hodgkins, Walter and Dorothy's son and successor in interest to lot 21, then wrote a letter to Diane Stratton, the park manager, requesting a renewal of the mowing permit for lot 22 despite the property transfer. (D.N. 8-10) Stratton replied on February 15, 2012, stating that "[a]t this time lot 22 of [B]rowns Hideaway has no mowing permit," citing the 2010 SMP as her basis for finding the permit "null and void." (D.N. 8-11) The Hodgkinses filed an affidavit with the USACE on July 3, 2012, asserting that the property had actually passed from Walter and Dorothy to Tim and Julie Maria by "gift" in 1994, although the family did not record a deed memorializing this alleged transfer. (D.N 8-12) The USACE responded, stating that the agency only considers recorded property transfers when it determines the ongoing validity of permits and upholding the previous determination of nullity. (D.N. 8-13 "The corps can only base this decision on the legal instrument, the deed, not on a statement of intent.") Tim then filed another letter with a different USACE official raising the same arguments (D.N. 8-14), and Operations Division Chief Rick Morgan responded on September 24, 2012, reiterating that the transfer to Julie Maria rendered "the permit null and void, and a new permit must be issued." (D.N. 8-15)

On July 26, 2016, a park officer cited and fined Tim for mowing the contested strip of shoreline; Tim admitted to "knowingly mowing the area." (D.N. 8-16) On December 28, 2017,

2

Eugene Dowell, Operations Division Chief, wrote a memorandum to Stratton indicating that he recommended reinstatement of the grandfathered permit. (D.N 1-1) The USACE issued another letter denying Tim's request for revitalization of Walter and Dorothy's permit on June 4, 2018. (D.N. 8-17) Now represented by counsel, Tim again urged the USACE to reinstate the grandfathered permit (D.N. 8-18, PageID # 209), and was again denied. (D.N. 8-19) Throughout the correspondence between Tim and various USACE officials, the agency repeatedly informed him that as the "new property owner" either he or Julie Maria was eligible to apply for a new permit that complied with the most recent version of the SMP. (D.N. 8-11, 8-13, 8-15, 8-17) The record is devoid of any indication that any member of the Hodgkins family applied for a new permit in accordance with this advice.

Tim and Julie Maria filed this action on August 21, 2018, seeking a declaratory judgment either issuing them a new permit or renewing the grandfathered permit. (D.N. 1, PageID # 3) The United States moves to dismiss under Rule 12(b)(6), asserting that Tim and Julie Maria have failed to state a plausible claim for relief under the Administrative Procedure Act, 5 U.S.C. § 704, because, primarily, their claim is time-barred. (D.N. 8-1, PageID # 30)

## II.

### A. Pleadings

At the outset, the Court recognizes that when ruling on a motion to dismiss, it may consider "only matters properly a part of the complaint or pleadings." *Armengau v. Cline*, 7 F. App'x 336, 343 (6th Cir. 2001). Once "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided under Rule 56." Fed. R. Civ. P. 12(b). However, the Sixth Circuit has taken a "liberal view of what matters fall within the pleadings": if a document is "referred to in a complaint and central to the

3

claim, documents attached to a motion to dismiss" may be considered. *Id*. (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)). Courts may also consider "public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies" at this stage. *Id*; *see Williams v. Porter Bancorp., Inc.*, 41 F. Supp. 3d 676, 680 (W.D. Ky. 2014) (taking judicial notice of public record without converting motion to dismiss to motion for summary judgment).

The United States attached eighteen exhibits to its motion to dismiss. (D.N. 8) Each attachment falls into one of the categories of documents properly considered on a motion to dismiss, either because it is central to the claims or a public record. (D.N. 8-1–8-9, 8-16) (SMPs, property transfers, citation, and permits are all public records); (D.N. 8-10–8-19) (letters between USACE and Tim that are central to the claim) The Court therefore will not convert the motion to dismiss to a motion for summary judgment. (D.N. 10, PageID # 219–21)

### B. Motion to Dismiss

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id.* A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion to dismiss. *Id.* at 679. Dismissal under Rule 12(b)(6) is

4

appropriate if the claim is barred by the applicable statute of limitations. *Conner v. U.S. Dep't of the Army,* 6 F. Supp. 3d, 717, 722 (W.D. Ky. 2014).

Judicial review under the APA is only available for "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The well-established statute of limitations for challenging an agency decision under the APA is six years. *See Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 964 (6th Cir. 2009); *Sierra Club v. Slater*, 120 F.3d 623, 631 (6th Cir. 1997). A "final agency action" triggers the limitations period. *Sw. Williamson Cty. Cmty. Ass'n v. Slater*, 173 F.3d 1033, 1036 (6th Cir. 1999). To be considered "final," an agency action must meet two criteria. *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997). The challenged action must (1) "mark the consummation of the agency's decisionmaking process," and (2) "determine rights and obligations of a party or cause legal consequences." *Berry v. U.S. Dep't of Labor*, 832 F.3d 627, 633 (6th Cir. 2016) (citing *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 136 S. Ct. 1807, 1813 (2016)). Actions of a "merely tentative or interlocutory nature" will not suffice. *Bennett*, 520 U.S. at 178. Ultimately, "[t]he core question is whether the agency has completed its decisionmaking process and whether the result of that process is one that will directly affect the parties." *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992).

Here, the dispute turns on what communication from the USACE constituted "final agency action." *See Hawkes Co.*, 136 S. Ct. at 1813. If, as Tim and Julie Maria argue, Dowell's December 28, 2017 letter recommending that the USACE reissue the grandfathered permit was a final agency action, then the limitations period has not run and the action may proceed. (D.N. 9, PageID # 215) If, however, the United States is correct that Stratton's letter from February 15, 2012 constituted the USACE's final action in the matter (D.N. 8-1, PageID # 29–30), then more than six years have passed, and this action is time-barred and must be dismissed.

5

The February 15, 2012 letter from Park Manager Diane L. Stratton satisfies the requirements for final agency action and triggered the six-year limitations period. This denial letter marked the end of the USACE's decision-making process regarding the grandfathered permit. Stratton cited the SMP and determined that the transfer of the property from Walter and Dorothy to Julie Maria rendered the grandfathered "mowing permit null and void." (D.N. 8-11) *See Berry*, 832 F.3d at 633 ("'request to vacate . . . . is denied'—period, full stop" language indicated a final agency decision). She encouraged the "new owner" to apply for a permit. (D.N. 8-11) Stratton, as the park manager, was the final link in the decision-making chain. Her letter represented the culmination of the USACE's decision-making process and cannot be considered "tentative or interlocutory": the decision was final and binding. *Bennett*, 520 U.S. at 177–78. Moreover, this is a determination from which "legal consequences . . . flow[ed]" because it rendered the grandfathered permit void. *Id*. at 178. The fact that Tim received a citation and was fined for violating this decision demonstrates that the February 15 letter affected his legal rights. (D.N. 8-16)

In contrast, Dowell's recommendation letter does not meet the criteria for a final agency action. First, the letter is addressed to Stratton, the park manager who issued the decision discussed in the preceding paragraph. (D.N. 1-1) This indicates that the letter is "tentative or interlocutory in nature" because the proposed outcome required approval by someone higher up the decision-making chain. *Bennett*, 520 U.S. at 177–78. Second, the letter states "I recommend the subject Grandfathered Mowing Permit . . . be reinstated in Ms. Julie Hodgkins name . . . ." (D.N. 1-1) A recommendation is by its very nature not a final decision and cannot represent the "culmination of the decisionmaking process," thus failing the first prong of the *Bennett* test. *See Parsons v. U.S. Dep't of Justice*, 878 F.3d 162, 168–69 (6th Cir. 2017) (holding that third-party actions taken

pursuant to an agency's recommendation do not convert the recommendation to a "final agency action"). Finally, Dowell's letter fails the second prong of the *Bennett* test because no legal consequences flowed from the recommendation; it had no "sufficiently direct and immediate" impact on the Hodgkinses, such as changing the status of their permit or invalidating the citation, because it was merely a recommendation. *Abbott Labs v. Gardner*, 387 U.S. 136, 152 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 (1977); *see also Dalton v. Specter*, 511 U.S. 462 (1994) (holding that reports recommending closure of certain military bases did not qualify as final agency action because they carried no consequences).

The fact that Dowell's letter intimated that the USACE might reconsider its decision to nullify the grandfathered permit does not undo the prior final agency action reflected by the February 15 letter. The USACE's ability to reconsider the permit's nullification "is a common characteristic of agency action, and does not make an otherwise definitive decision nonfinal." *Hawkes Co.*, 136 S. Ct. at 1814; *see also Berry*, 832 F.3d at 633 (finding that final agency actions remain final even when the agency may reopen a claim "on its own initiative or in response to another request."). Further, although a timely filed appeal can toll the statute of limitations for final agency actions, untimely appeals have no effect on the limitations period. *Davis v. United States*, 589 F. 3d 861, 865 (6th Cir. 2009) (finding a claim time-barred because plaintiff did not appeal within one-year appeal window). The SMP dictates that aggrieved parties have thirty days "from the date of notification" to appeal any adverse decision by the USACE relating to issuance of permits. (D.N. 8-5, PageID # 121–22) Tim did not submit his first appeal of the USACE's determination that the grandfathered permit was void until five months after the USACE issued its decision letter. (D.N. 8-12) The appeal was therefore untimely and did not toll the six-year limitations period. *See Davis*, 589 F. 3d at 865; *see also Conner*, 6 F. Supp. 3d at 724. Because

the February 15, 2012 letter constituted a final agency action and because this case was filed more than six years later, Tim and Julie Maria's complaint is barred by the applicable statute of limitations.

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the United States' motion to dismiss is **GRANTED**.

September 26, 2019

**David J. Hale, Judge**
**United States District Court**